IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENNY L. KING,** | ) |
| | ) |
|    **Petitioner,** | ) |
| | ) |
| vs. | )  Case No. CIV-06-1124-C |
| | ) |
| **STEPHENS COUNTY SHERIFF,** | ) |
| | ) |
|    **Respondent.** | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the habeas petition has been promptly examined and for the reasons set forth herein, the undersigned recommends that the petition be dismissed without prejudice upon filing for failure to exhaust available state court remedies.

Petitioner is challenging his convictions pursuant to his guilty pleas[1] entered on September 26, 2006, to charges of trafficking in illegal drugs, and three separate counts of knowingly concealing stolen property. *See* The Oklahoma State Courts Network (OSCN), http://www.odcr.com/detail.php?Case=069-CF++0600184&County=069- (accessed October 25, 2006). Petitioner raises two grounds for habeas relief. In Ground One, he alleges that he was under the influence of prescription medication and was not

---

[1] At page one of Petitioner's petition, he states that he pled nolo contendere; however, the docket sheet in Case No. CF-006-184, Stephens County, Oklahoma, indicates that Petitioner pled guilty. In any event, the exact nature of his plea is not relevant to the recommendation herein.

sure what was going on at the time he entered his plea. Petition at 6. In Ground Two, Petitioner alleges that his rights were violated due to an illegal search. *Id.*

<u>Discussion</u>

An application for habeas relief filed by a state prisoner may not be granted unless it appears that the applicant has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). In this Circuit, a habeas petitioner may satisfy this requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted). *See also* 28 U.S.C. § 2254(c) ("[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (noting that Section 2254 "requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the legal facts bearing upon his constitutional claim") (quoting *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). Petitioner bears the burden of showing that these remedies have been exhausted. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

To satisfy the exhaustion requirement under 28 U.S.C. 2254(b)(1)(A) an applicant "must give the state courts one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner acknowledges that he has not exhausted his state remedies as to either claim. Specifically, Petitioner admits that he has not filed an appeal from his convictions. Petition at p. 3, ¶ 8. In Oklahoma, in order to appeal from a conviction on a guilty plea or a plea of nolo contendere, a defendant must file a motion to withdraw his plea in the state district court within 10 days of the pronouncement of the judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App.

By way of explanation for his failure to appeal, Petitioner asserts that his attorney and the district attorney told him that if he did not accept the plea agreement, he would be given life without parole and that he was on prescription medication and did not know his rights. Petition at pp. 6,8. Petitioner may raise these arguments by seeking an appeal out of time through the Oklahoma Post-Conviction Procedures Act. *See Lewis v. State*, 21 P.3d 64, 65 (Okla. Crim. App. 2001) (a defendant alleging deprivation of the right to withdraw guilty plea may seek an appeal out of time by filing an application for post-conviction relief with the district court); *Phillips v. State*, 546 P.2d 1027, 1028 (Okla. Crim. App. 1976) (after expiration of statutory time for direct appeal from a plea of guilty, a defendant may upon sufficient reason shown, pursue a collateral attack upon the conviction by compliance with the Oklahoma post-conviction procedure act). Petitioner does not allege that he has followed this procedure for an appeal out of time. Because Petitioner has failed to demonstrate either that he has satisfied the exhaustion requirement or that he has "no available state avenue of redress," the petition should be

dismissed without prejudice to refiling following exhaustion of state remedies. Once Petitioner has challenged his conviction on direct appeal and/or through the state post-conviction procedure, he may then bring claims for federal habeas relief. The one-year limitation period for a petition for a writ of habeas corpus begins to run on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[]"). 28 U.S.C. § 2244(d)(1)(D). Petitioner's second habeas petition, if timely filed, will not be considered second or successive if the instant petition is dismissed without prejudice for failure to exhaust. *See McWilliams v. Colo.*, 121 F.3d 573, 575 (10th Cir. 1997). Under these circumstances, Petitioner will not be prejudiced by the dismissal of his § 2254 habeas action. Accordingly, the undersigned recommends that the petition be dismissed without prejudice to refiling following exhaustion of state court remedies.

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust available state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of November, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This

Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of October, 2006.

*[signature]*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE